IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 13, 2007

## STATE OF TENNESSEE v. ERIC MICHAEL GOLDMAN

**Appeal from the Circuit Court for Marshall County**
**No. 16345     Robert Crigler, Judge**

---

**No. M2006-01239-CCA-R3-CD - Filed May 9, 2007**

---

The Appellant, Eric Michael Goldman, was convicted by a Marshall County jury of misdemeanor reckless endangerment and public intoxication and received sentences of eleven months and twenty-nine days and thirty days, respectively. On appeal, the Appellant raises the single issue of sufficiency of the evidence. After review, the judgments of the trial court are affirmed.

**Tenn. R. App. P. 3; Judgments of the Circuit Court Affirmed**

DAVID G. HAYES, J., delivered the opinion of the court, in which JERRY L. SMITH and J.C. MCLIN, JJ., joined.

Michael J. Collins, Assistant Public Defender, Shelbyville, Tennessee, for the Appellant, Eric Michael Goldman.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Assistant Attorney General; W. Michael McCown, District Attorney General; and Weakley E. Barnard, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

### Factual Background

The Appellant's convictions stem from his involvement in an affray, which occurred on a public street in Lewisburg, between two sparring women over one's choice of a male companion. Hostilities were ignited by the accusations of one of the women that the other woman was "giving [her ex-husband] blow jobs and stuff." The fight quickly escalated into a melee after relatives and current boyfriends joined in the fracas. The two women who started the fight were, at one point, separated; however, the fourteen-year-old daughter of one of the women entered the fight, apparently as a replacement for her mother. The fight proceeded with "pawing, punching, fighting and rolling" about the street and surrounding property. During this phase of the fight, the fourteen-year-old victim observed the Appellant, who was the boyfriend of the woman she was fighting, moving

quickly towards her with a knife in his hand. The Appellant approached the victim and, with one swing of the knife, cut through the "tank top" the victim was wearing, with the blade grazing the skin of the victim's abdomen. The Appellant was arrested at the scene minutes later by the police who had been alerted to the fight. A pat-down search of the Appellant revealed a blue folding razor-blade knife in his pocket. The arresting officer testified that the Appellant was very intoxicated, "swinging back and forth" and that on an intoxication level of "1 to 10 [he] was pushing over a 10." Based upon these facts, the Appellant was convicted by a Marshall County jury of the misdemeanor offenses of reckless endangerment and public intoxication.

**Analysis**

The Appellant asserts there is insufficient evidence to support his conviction for misdemeanor reckless endangerment because "[he] never pulled the knife on anyone, nor did he cut anyone." Further, he argues that there is insufficient evidence of public intoxication because "[he] was not endangering himself, anyone else, or the property of anyone else."

We apply the rule that where the sufficiency of the evidence is challenged, the relevant question for the reviewing court is "whether, after viewing the evidence in the light most favorable to the [State], any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *see also* Tenn. R. App. P. 13(e). All questions involving the credibility of witnesses, the weight and value to be given to the evidence, and all factual issues are resolved by the trier of fact. *State v. Pappas*, 754 S.W.2d 620, 623 (Tenn. Crim. App. 1987). A guilty verdict by the jury, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the State. *State v. Grace*, 493 S.W.2d 474, 476 (Tenn. 1973). A jury conviction removes the presumption of innocence with which a defendant is initially cloaked and replaces it with one of guilt, so that on appeal, a convicted defendant has the burden of demonstrating that the evidence is insufficient. *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982).

The jury convicted the Appellant of misdemeanor reckless endangerment, which is committed when "[a person] recklessly engages in conduct that places or may place another person in imminent danger of death or serious bodily injury." T.C.A. § 39-13-103(a) (2006). The Appellant's argument on appeal that the proof is insufficient to convict because "[the Appellant] never pulled a knife on anyone, nor did he cut anyone," while a viable argument at the trial level, was repudiated by the jury's verdict. We emphasize that the scope of our examination of the evidence on appeal is not equivalent to that of the jury's. In a challenge to the sufficiency of the evidence, this court does not retry the defendant. Two important distinctions are noted in an appellate review. First, our examination in a sufficiency review is not to revisit inconsistent, contradicting, implausible or non-credible proof, as these issues are resolved solely by the jury. *Pappas*, 754 S.W.2d at 623. Second, the State is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn from it. *State v. Harris*, 839 S.W.2d 54, 75 (Tenn. 1992). The question of legal sufficiency requires us to determine whether the record contains evidence from which the jury could have found the essential elements of the crime beyond a reasonable doubt.

At trial, the victim testified that the Appellant approached her with a knife in his hand and cut her with the blade of the razor knife which grazed her skin. The victim's mother testified that she saw the Appellant approaching her daughter with a blue knife or box cutter in his hand and that she saw the Appellant "swing the knife" at her daughter. Within minutes after the victim's assault, the police arrived and observed a "mark on [the victim's] mid-section or belly" which was "consistent with a cut." The police recovered a blue "folding razor blade knife" from the Appellant's pant pocket. From these facts, a rational trier of fact could have concluded, beyond a reasonable doubt, that the Appellant was guilty of misdemeanor reckless endangerment.

Next, the Appellant challenges the evidence supporting his conviction for public intoxication. This offense is committed when "[a person] appears in a public place under the influence of [any intoxicating] substance to the degree that . . . (2) there is endangerment to other persons or property." T.C.A. § 39-17-310(a)(2) (2006). The victim testified she was on McClure Street in Lewisburg when the Appellant attacked her. He "was stumbling all over the place." The arresting officer testified that the Appellant was "very intoxicated" and "swinging back and forth." Clearly, a rational trier of fact could have concluded that the Appellant was under the influence of alcohol, in a public place, and that he posed a danger to others, as evidenced by his actions against the victim.

## CONCLUSION

Based on the foregoing, the Appellant's judgments of conviction are affirmed.

_____
DAVID G. HAYES, JUDGE